————————o————————

## No. 5853.

## PHILIP WERLEIN, LIMITED, vs. MICHEL LOFAS.

### Syllabus.

1. According to Act 190 of 1912, the fact that it lies within the power of the defendant to conceal, part with or dispose of the movable in his possession, during the pendency of the suit, shall be deemed sufficient to justify an affidavit by the plaintiff, for the purpose of obtaining the writ of sequestration, that the defendant will so conceal, part with or dispose of the property in question.

2. The statute was prepared and recommended to the General Assembly for adoption by the Louisiana Bar Association and was intended to restore the jurisprudence established in *Lowden vs. Robertson,* 40 A., 825, and apparently impaired by the declaration in 50 A., 931, that the sequestrator must show the reason and cause for his fear.

3. Such a declaration by the legislature is a purely legislative function which does not encroach upon the domain of the judiciary.

Appeal from the Civil District Court for the Parish of Orleans, Division "E," No. 103,441. Hon. G. H. Theard, Judge.

E. A. O'Sullivan, for defendant and appellant.

Phil. Gensler, for plaintiff and appellee.

His Honor, HORACE L. DUFOUR, rendered the opinion and decree of the Court as follows:

This is an appeal from a judgment for a balance due for a piano and maintaining the sequestration of the instrument with recognition of the vendor's privilege thereon.

A motion was made to dissolve the sequestration on the ground that mover has given no cause or reason to justify the belief or fear that he would conceal, part with or dispose of the movable during the pendency of the suit.

The motion to dissolve was denied in accordance with Act 190 of 1912, to define what shall be deemed to justify an affidavit for the issuance of a writ of sequestration under Par. 8 of Art. 275, C. P.

The act provides that "the fact that it lies within the power of the defendant to conceal, part with or dispose of the movable in his possession, during the pendency of the suit, shall be deemed sufficient to justify an affidavit by the plaintiff, for the purpose of obtaining the writ of sequestration, that the defendant will so conceal, part with or dispose of the property in question."

This act was prepared and recommended to the General Assembly for adoption by the Louisiana Bar Association and was intended to restore the jurisprudence established in **Lowden vs. Robertson, 40 An., 825,** to the effect

that "the party is not bound to swear to or to prove any other grounds of fear than the facts that he has a privilege and that it lies in the power of the defendant to defeat or destroy it by doing some of the acts which he swears he fears he may do."

This view appeared to have been disturbed by the statement in **American Furniture Co. vs. Grant Jung Furniture Co., 50 An., 931,** that, on a rule to dissolve a writ of sequestration, based on a vendor's privilege the sequestrator must show the reason and cause for his fears.

The appellant urges in this Court that this act is uncontitutional because it attempts to amend a law by reference to its title and also that it is usurpation of judicial power by the Legislature.

We do not think so.

It is a declaration by the legislature as to what it shall be necessary to allege to obtain a writ of sequestration and it is a purely legislative and not a judicial function. It does not purport to amend in terms any law and merely repeals by implication any other law to the contrary.

Judgment affirmed.

Opinion and decree, June 4th, 1913.

Rehearing refused, June 26th, 1913.